22150

Arthur G. WOOD, et al., Respondents, v. AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, American Federation of Government Employees, Local #1869 and Bobby Harnage, Defendants, of which American Federation of Government Employees, AFL-CIO and Bobby Harnage are Appellants. Appeal of AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO.

(318 S. E. (2d) 568)

Supreme Court

*Allan R. Holmes, Halio & Holmes,* Charleston, *Herbert E. Buhl, III,* Columbia, *for appellants.*

*James R. Rosa* and *Mary E. Jacksteit,* Washington, D. C., *for appellant, American Federation of Government Employees.*

*Hans F. Paul, Grover C. Seaton, III,* Charleston, *N. H. Hamilton,* Summerville, *attorneys for respondents.*

*David G. Jennings*, North Charleston, *for defendant, AFGE, Local #1869.*

Submitted June 8, 1984.

Decided Aug. 1, 1984.

NESS, Justice:

This is an appeal from the trial court's determination that it had subject matter jurisdiction to entertain respondents', Arthur G. Woods, et al., claims against appellants, American Federation of Government Employees and Bobby Harnage, for misfeasance in failing to timely prosecute respondents' appeal of their employment reclassification to the Civil Service Commission. We hold the trial lacked subject matter jurisdiction and reverse.

On May 22, 1977, respondents, all civil service employees at Charleston (S. C.) Air Force Base, were notified by the Civil Service Administration and Base officials of an immediate downgrade in their employment classification. Upon receiving notice of the reclassification order, respondents appealed this change to the appropriate administrative body at the Base, which affirmed the order. Respondents then gave timely written notice to the Civil Service Commission of their intention to appeal this decision pursuant to the Civil Service Reform Act of 1978, 5 U.S.C.A. §7101, *et seq.*, designating appellant Harnage, a local official of appellate AFGE, as their representative in the appeal.

After accepting the obligation of representing respondents and receiving all information necessary to pursue the appeal, Harnage advised respondents that he was taking the proper steps toward perfecting and prosecuting their appeal. Some time later, respondents were notified by the Civil Service Commission that their appeal was being dismissed for failure to prosecute. Although respondents promptly attempted to obtain a reconsideration of the dismissal decision, the Commission denied this request. Respondents then instituted this action for misfeasance and negligent breach of contract for appellants failure to adequately pursue their appeal.

Appellants contend the trial court erroneously concluded it had subject matter jurisdiction of this action, claiming their conduct falls within an area regulated exclusively by the

federal labor law, which preempts respondents' state law remedies. We agree.

Executive Order #11491, 34 Federal Register 17605 (1969) was issued to prescribe regulations concerning the Federal Civil Service. This order controls all aspects of labor-management relations in the federal government, particularly providing that unions obtaining official recognition by the respective federal agencies, fairly represent the interests of all its member-employees. Pursuant to sections 4 and 6 of Executive Order 11491, unfair labor practice charges, including union violations of its duty of fair representation, are to ultimately be resolved by the Federal Labor Relations Council (FLRC).

When determining the preemption issue, we must "[f]irst ... [ascertain] whether the conduct ... the state seeks to regulate or to make the basis of liability is actually or arguably protected or prohibited by ... [Executive Order 11491]. [I]f the conduct at issue is arguably prohibited or protected otherwise applicable state law and procedures are ordinarily preempted." *Local 926, International Union of Operating Engineers, AFL-CIO, et al. v. Jones*, 460 U. S. 669,      , 103 S. Ct. 1453, 1458, 75 L. Ed. (2d) 368 (1983).[1]

We feel appellants' conduct is clearly governed by Executive Order #11491 and hold the trial court lacked subject matter jurisdiction to entertain this matter.

Reversed.

LITTLEJOHN, C. J., GREGORY and HARWELL, JJ., and ALEXANDER M. SANDERS, Jr., as Acting Associate Justice, concur.

---

[1] As "[t]he basic provisions of the Executive Order establish a labor-management relations system for federal employment which is remarkably similar to the scheme of the National Labor Relations Act (NLRA)," we find the preemption analysis used in NLRA cases to be the proper standard for determining similar issues raised in the context of Executive Order #11491. *Old Dominion Branch No. 496, National Association of Letter Carriers v. Austin*, 418 U. S. 264, 273, 94 S. Ct. 2770, 2776, 41 L. Ed. (2d) 745 (1974).